IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENT BACCUS, BRIAN KEITH BACCUS, DONNIE HEATER, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiffs*,<br><br>v.<br><br>QES WIRELINE LLC, d/b/a QUINTANA ENERGY SERVICES LP, d/b/a ARCHER PRESSURE SERVICES, f/k/a ARCHER WIRELINE LLC<br><br>*Defendants*. | Civil Action No. 4:16-cv-2396 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Brent Baccus, Donnie Heater and Brian Keith Baccus, individually and on behalf of all others similarly situated, file this Original Complaint against the above-named Defendants and in support states the following:

### I. SUMMARY

This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs and Defendants' other "Engineers" (hereinafter, Defendants' frontline "Oilfield Workers") worked for Defendants performing technical and manual labor and regularly worked well in excess of 40 hours per workweek. Instead of paying overtime as required by the FLSA Defendants paid their Oilfield Workers under a hybrid base salary plus job bonus system.

### II. PARTIES

1. Plaintiff Brent Baccus is an individual who has worked for Defendants at various sites throughout the United States since approximately November 2008. His consent to participate is already on file with this Court.

2. Plaintiff Donnie Heater is an individual who has worked for Defendants at various sites throughout the United States until approximately May 2014. His consent to participate is already on file with this Court.

3. Plaintiff Brian Keith Baccus is an individual who has worked for Defendants at various sites throughout the United States since approximately November 2013. His consent to participate is already on file with this Court.

4. The "Class Members" are Defendants' current and former "Engineers" who were paid primarily on a salaried basis and received a non-discretionary bonus and who worked within the three years preceding this Complaint's filing (or individuals employed in a similar capacity but known under distinct titles).

5. Defendant QES Wireline LLC d/b/a Quintana Energy Services LP (hereinafter, "QES"), d/b/a Archer Pressure Services (hereinafter, "Archer"), f/k/a Archer Wirelines LLC (collectively hereinafter referred to as "Defendants") may be served through its registered agent Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, TX 78701 or wherever it may be found.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.

7. Venue is proper in this District because one or more of the Parties reside in this District and the events forming the basis of this lawsuit occurred in this District.

## IV. COVERAGE FACTS

8. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the Class Members.

9. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendants do more than $500,000.00 per year in business.

14. In approximately the fall of 2015 Defendant QES acquired an ownership stake of Defendant Archer's wireline operations. Since this time Plaintiffs Brent Baccus, Keith Baccus, and other Potential Plaintiffs have been paid through QES, have understood they were employed jointly by QES & Archer and directed by QES & Archer agents and employees, but have been

employed under the same unlawful pay scheme that has paid them as exempt employees while they continued to perform the same non-exempt duties. Previously, Plaintiffs were employed through and directed by Archer and its agents. Defendants have jointly-employed Plaintiffs but paid them under an unlawful salary plus bonus scheme that failed to provide overtime pay to individuals employed in a non-exempt capacity.

15. Plaintiffs have all worked for Defendants within the statutory period and during the three years prior to the filing of this lawsuit.

16. At all relevant times, Plaintiffs' duties consisted of blue-collar work involving the preparation of equipment, completing daily checklists, and performing other manual/technical labor at Defendants' oilfield sites. Plaintiffs did not have managerial responsibilities, supervise two or more employees, possess the power to hire/fire, or exercise independent discretion or judgment in regards to matters of significance.

17. During his entire employment and during weeks covered by this lawsuit, Plaintiffs have regularly worked over 40 hours per workweek. In fact, Plaintiffs have worked as many as 80 hours (or more) in weeks covered by this lawsuit. Defendants knew that Plaintiffs regularly worked in excess of 40 hours per week during weeks covered by this lawsuit. In fact, Defendants allowed and directed them to do so.

18. Defendants paid Plaintiffs a salary and a non-discretionary bonus for their work, but failed to pay them any overtime pay despite him regularly working overtime hours.

19. Defendants further violated the FLSA by failing to include Plaintiffs' non-discretionary bonus compensation into the regular rate for determining Plaintiffs and the Class Members' overtime compensation.

20. Plaintiffs are entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek. Defendants were aware of the FLSA's overtime requirements and paid

Operators who performed substantially similar duties as their Engineers on an hourly plus overtime basis, but refused to pay Plaintiffs overtime. Defendants knowingly, willfully or with reckless disregard carried out their illegal practice of failing to pay Plaintiffs overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs and the Class Members performed the same or similar non-exempt job duties as one another. Specifically, they performed physical, manual or technical tasks set forth above for Plaintiffs. Further, Plaintiffs and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half of their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Defendants failed to pay Plaintiffs and Class Members at the rates required by the FLSA because Defendants failed to include non-discretionary bonus pay into Plaintiffs' and the Class Members' regular rates for overtime calculation purposes and paid these individuals primarily under a salaried basis. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiffs in terms of job duties and pay provisions.

22. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

23. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiffs and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARS ACT

24. During the relevant time period, Defendants violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

25. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants jointly and severally as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

    b. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_/s/ *Jay Forester*_____

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
SD Bar No. 21134
**J. FORESTER**
Texas Bar No. 24087532
SD Bar No. 2657413
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFFS**