UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT BACCUS, BRIAN KEITH BACCUS, DONNIE HEATER, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B), | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:16-cv-2396 |
| QES WIRELINE LLC, d/b/a QUINTANA ENERGY SERVICES LP, d/b/a ARCHER PRESSURE SERVICES, f/k/a ARCHER WIRELINE LLC, | § § § § § § § | |
| Defendants. | § | |

## DEFENDANT QES WIRELINE LLC'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant QES Wireline LLC ("QES" or "Defendant") (misidentified as "QES Wireline LLC, d/b/a Quintana Energy Services LP, d/b/a Archer Pressure Services, f/k/a Archer Wireline LLC") files this Original Answer to Plaintiffs' First Amended Complaint ("Complaint"). Defendant denies all allegations in the Complaint that are not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiffs' Complaint.

### I.  SUMMARY

Defendant acknowledges that Plaintiffs bring this collective action lawsuit against Defendant under the Fair Labor Standards Act ("FLSA"). Defendant denies the remaining allegations in the paragraph labeled "Summary," denies that it violated the FLSA or any

1

other law and denies that Plaintiffs, or any individual similarly situated to Plaintiffs, are entitled to any relief asserted in the Complaint.

## II.   PARTIES

1.   Defendant admits that it has employed Plaintiff Brent Baccus since approximately November 2009 and that he has worked at various sites in the United States. Defendant admits that Plaintiff Brent Baccus's consent has been filed with the Court.

2.   Defendant admits that it employed Plaintiff Donnie Heater until approximately April 2014 and that he worked at various sites in the United States. Defendant admits that Plaintiff Donnie Heater's consent has been filed with the Court.

3.   Defendant admits that it has employed Plaintiff Brian Keith Baccus since approximately March 2012 and that he has worked at various sites in the United States. Defendant admits that Plaintiff Brian Keith Baccus's consent has been filed with the Court.

4.   Paragraph 4 of Plaintiffs' Complaint contains Plaintiffs' description of a proposed class to which no response is required. To the extent any response is required, Defendant denies that any collective or class treatment is appropriate.

5.   Defendant admits that QES Wireline LLC may be served through its registered agent and that Plaintiffs have accurately identified its registered agent for service of process. Defendant further admits that QES Wireline LLC was formerly known as Archer Wireline LLC. Defendant denies that QES Wireline LLC is doing business as "Quintana Energy Services LP" or "Archer Pressure Services." Defendant denies any and all remaining allegations in this paragraph.

## II. JURISDICTION AND VENUE

6. Defendant does not dispute this Court's jurisdiction over this matter at this time.

7. Defendant does not dispute that venue of this action is proper in this Court at this time.

## IV. COVERAGE FACTS

8. Paragraph 8 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that it is or has been an employer under the FLSA and that it has employed Plaintiffs Brent Baccus, Brian Keith Baccus and Donnie Heater. Defendant further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

9. Paragraph 9 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that it is or has been an employer under the FLSA. Defendant further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

10. Paragraph 10 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that it is or has been an employer under the FLSA. Defendant further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

11. Paragraph 11 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that it

is or has been an employer under the FLSA. Defendant further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

12. Paragraph 12 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendant admits that it is or has been an employer under the FLSA. Defendant further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

## V. FACTUAL ALLEGATIONS

13. Defendant admits that it has had an annual gross business volume of not less than $500,000 in each of the past three years.

14. Defendant admits that Plaintiffs have been paid by QES Wireline LLC, which was formerly known as Archer Wireline LLC. Defendant denies that QES Wireline LLC is doing business as "Quintana Energy Services LP" or "Archer Pressure Services." Defendant lacks sufficient information to form a belief as to what Plaintiffs "understood." Defendant denies any and all remaining allegations in this paragraph.

15. Defendant admits that Plaintiffs Brent Baccus, Brian Keith Baccus and Donnie Heater worked for Defendant during portions of the three years prior to the filing of this lawsuit. Defendant denies any and all remaining allegations in this paragraph.

16. Defendant denies any and all allegations in this paragraph.

17. Defendant admits that Plaintiffs Brent Baccus, Brian Keith Baccus and Donnie Heater sometimes worked more than 40 hours per workweek. Defendant denies any and all remaining allegations in this paragraph.

18. Defendant admits that Plaintiffs Brent Baccus, Brian Keith Baccus and Donnie Heater were paid a salary and certain bonuses. Defendant denies any and all remaining allegations in this paragraph.

19. Defendant denies any and all allegations in this paragraph.

20. Defendant denies any and all allegations in this paragraph.

## VI. COLLECTIVE ACTION ALLEGATIONS

21. Defendant denies any and all allegations in this paragraph.

22. Defendant denies any and all allegations in this paragraph.

23. Defendant denies any and all allegations in this paragraph.

## VII. CAUSE OF ACTION

24. Defendant denies any and all allegations in this paragraph.

## VIII. RELIEF SOUGHT

25. Paragraph 25 of Plaintiffs' Complaint contains legal conclusions and requests for relief to which no response is required. To the extent that any response is required, Defendant denies Plaintiffs' request for relief, denies any violation of the FLSA, or any other law, and denies that Plaintiffs, or any individual similarly situated to Plaintiffs, are entitled to relief as asserted. Defendant further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

## **DEFENDANT'S DEFENSES**

Pleading affirmatively and alternatively, without admission or concession that it bears the burden of proof, Defendant states the following affirmative and additional defenses to Plaintiffs' Complaint:

1. Neither Plaintiffs nor any members of the proposed putative class are similarly situated. As such, collective action treatment is improper and further would violate Defendant's due process rights. Plaintiffs cannot meet the prerequisites for collective or class certification. This action should not be certified conditionally, permanently, or otherwise, or maintained as a collective or class action.

2. Defendant acted in good faith, with the reasonable belief that it complied with the law. Moreover, Defendant did not willfully deprive Plaintiffs or some or all potential class members of any due compensation.

3. Defendant has acted in good faith and in reliance on a regulation, ruling, approval and/or interpretation of the Department of Labor.

4. Depending on the scope of any putative class, Plaintiffs and some or all potential class members were paid all compensation to which they were entitled under the FLSA.

5. Depending on the scope of any putative class, claims of Plaintiffs and some or all potential class members are barred by limitations.

6. Any cause of action or claim for damages stated in the Complaint arising more than two years before filing of this lawsuit or notice of consent is barred by the statute of limitations set forth at 29 U.S.C. § 255(a).

7. Depending on the precise claims asserted, some or all of the hours for which Plaintiffs seek overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

8. Plaintiffs and the potential class members are not entitled to liquidated damages.

9. Depending on the scope of any putative class, as to Plaintiffs and some or all potential class members, the amount of any unpaid overtime was de minimis.

10. Plaintiffs' damages and those of any potential class member, if any, are limited or capped in accordance with applicable law.

11. Plaintiffs and some or all putative class members meet one or more exemptions from overtime pay, including the Highly Compensated Employee exemption, Administrative exemption, Executive exemption, and the Motor Carrier (DOT) exemption. Depending on the scope of the putative class, some or all potential class members meet those and possibly other white-collar and FLSA exemptions.

12. Some or all of Plaintiffs' and potential class members' claims/damages, if any, are subject to offset.

13. Plaintiffs have failed to identify a proper putative class and have failed to define the putative class with sufficient particularity.

14. To the extent Plaintiffs and the alleged putative class received fixed compensation for fluctuating work hours, and if entitled to additional overtime compensation, it would be paid at a rate of one-half their regular rate of pay. Alternatively, to the extent Plaintiffs and the alleged putative class were paid a salary and/or a day rate, and if entitled to additional overtime compensation, it would be paid at a rate of one-half their regular rate of pay.

15. The averments in Plaintiffs' Complaint are insufficient to establish that any alleged putative class members are similarly situated for purposes of maintaining a representative action pursuant to the requirements of 29 U.S.C. § 216(b).

16. Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

17. Defendant has acted in good faith and in accordance with standard industry practices.

18. Upon information and belief, some putative class members' claims are barred, in whole or in part, by the doctrines of waiver and release, estoppel, and accord and satisfaction.

19. Plaintiffs' claims and the claims of any other putative class members are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

20. Depending on the scope of Plaintiffs' putative class, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

Defendant reserves the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendant preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

WHEREFORE, Defendant asks the Court to enter judgment that Plaintiffs, on behalf of themselves and others similarly situated, take nothing, dismiss Plaintiffs' suit

with prejudice, assess and award its costs and attorneys' fees against Plaintiffs and any putative class, and award Defendant all other relief to which it may be entitled and that the Court deems appropriate.

          Respectfully submitted,

          */s/ Michael J. Muskat*
          Michael J. Muskat
          Attorney-in-Charge
          State Bar No. 24002668
          S.D. Tex. Bar No. 22816
          Email: MMuskat@m3law.com
          **MUSKAT, MARTINEZ & MAHONY, LLP**
          1201 Louisiana Street, Suite 850
          Houston, Texas 77002
          Telephone: (713) 987-7850
          Facsimile: (713) 987-7854

          **ATTORNEYS FOR DEFENDANT**
          **QES WIRELINE LLC**

OF COUNSEL:
Gabrielle S. Moses
State Bar No. 24063878
S.D. Tex. Bar No. 1068217
Email: GMoses@m3law.com
Daniel N. Lenhoff
State Bar No. 24078846
S.D. Tex. Bar No. 2590972
Email: DLenhoff@m3law.com
**MUSKAT, MARTINEZ & MAHONY, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone: (713) 987-7850
Facsimile: (713) 987-7854

## **CERTIFICATE OF SERVICE**

       This is to certify that on October 4, 2016, a true and correct copy of the foregoing document has been served on Plaintiffs' counsel of record via the Electronic Case Filing system.

                                      */s/ Michael J. Muskat*
                                      Michael J. Muskat
                                      ATTORNEY FOR DEFENDANT