United States District Court
Southern District of Texas
**ENTERED**
June 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY MEADOR, | § |
| | § |
| Plaintiff, | § |
| | § |
| BRENT BACCUS, BRIAN BACCUS, et al., and others similarly situated, | § § § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   CIVIL ACTION NO. 4:16-cv-02396 |
| | § |
| QES WIRELINE, LLC, d/b/a QUINTANA ENERGY SERVICES LP, d/b/a ARCHER PRESSURE SERVICES f/k/a ARCHER WIRELINE LLC, | § § § § |
| | § |
| Defendant. | § |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendant QES Wireline's ("Defendant") Motion to Dismiss Certain Opt-In Plaintiffs (Doc. 104). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, this court **RECOMMENDS** that Defendant's motion be **GRANTED** in part, and **DENIED** in part.

On November 16, 2018, the court ordered the parties to complete discovery within 30 days.[1] Plaintiffs did not respond within 30 days, and, on December 19, 2018, Defendant notified the court of Plaintiffs' failure to respond.[2] Plaintiffs then filed

---

[1] See Doc. 99, Ord. Dated Dec. 21, 2018 p. 1.

[2] See id.

responses for fifty-three of seventy-seven individuals and estimated that all responses would be served on Defendant's counsel by January 9, 2019.[3]

On December 21, 2018, the court issued an order requiring that all Plaintiffs "fully and completely" respond to the ordered discovery by January 9, 2019.[4] The order stated that any supplementation would be on a good-cause basis only, and that the court would not find good cause if the upcoming holidays, planned vacations, or lack of correct contact information were used as excuses.[5] Finally, the court stated that Plaintiffs must sign and verify all answers to interrogatories, and that failure to respond by the deadline may result in dismissal for want of prosecution.[6]

On January 11, 2019, Defendant filed its pending motion to dismiss arguing that the fifty-four Plaintiffs,[7] highlighted in Attachment 1 to Exhibit B of its motion, should be dismissed because they failed to comply with the court's December 21, 2018

---

[3] See id.

[4] See id. p. 2.

[5] See id.

[6] See id.

[7] Some Plaintiffs that did not produce responsive documents also failed to sign and verify their responses. Thus, there is some overlap of Plaintiffs between the various categories of deficient responses as outlined in Defendant's motion. For the sake of clarity, the court notes that Defendant has moved for the dismissal of fifty-four distinct Plaintiffs. See Doc. 104, Def.'s Mot. to Dismiss Certain Opt-In Pls. p. 2.

order.[8]  Of those Plaintiffs, Defendant states that: (1) fourteen did not submit any responses; (2) six did not sign and verify their responses; and (3) thirty-eight did not produce any responsive documents.[9]  The thirty-eight Plaintiffs that failed to produce responsive documents claim that they either do not have any responsive documents or that they will supplement with responsive documents.[10]

In response to Defendant's request that these Plaintiffs be dismissed, Plaintiffs ask that the court impose less severe sanctions, and allow all Plaintiffs to remain in the suit but, if dismissed, allow reinstatement upon a showing of good cause.[11] Further, Plaintiffs argue that the thirty-eight individuals who did not produce responsive documents, do not possess responsive documents, and therefore, did not violate the court's December 21, 2018 order.[12]

The Federal Rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).

---

[8]     See id.

[9]     See id. pp. 1-2.

[10]    See id. p. 2.

[11]    See Doc. 112 Pls.' Resp. to Def.'s Mot. to Dismiss Certain Opt-In Pls. pp. 5-6.

[12]    See id. pp. 6-7.

Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte. Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at *3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished). The court's authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

The following six opt-in Plaintiffs failed to sign and verify their responses to Defendant's discovery requests by the January 9, 2019 deadline: (1) Dylan Franke; (2) Lance Garcia; (3) Jason McCormick; (4) Ronald Oubre; (5) Julio Rosalez; and (6) Randall Tirrell.[13]  These Plaintiffs have failed to comply with the express language of the court's December 21, 2018 order.  Therefore, the court **RECOMMENDS** that these Plaintiffs be **DISMISSED** for failure to prosecute.

The following fourteen Plaintiffs failed to provide responses to Defendant's discovery requests by the January 9, 2019 deadline: (1) John Beadle; (2) Charles Benoit; (3) Frank Bumgarner; (4) Ignacio Castillo; (5) Eric Martaindale; (6) John Nesloney; (7) Justin Norman; (8) Benjamin Priddy; (9) Travis Seaton; (10) Anthony

---

[13] See Doc. 104-1, Ex. A to Def.'s Mot. to Dismiss Certain Opt-In Pls., Pls.' Disc. Objs. & Resps.; Doc. 104-2, Ex. B to Def.'s Mot to Dismiss Certain Opt-In Pls., Decl. of R. John Grubb II & Pls. Resp. Table.

Stevens; (11) Alan Taylor; (12) Michael Thompson; (13) Dennis William Tite; and (14) Agustin Vaquera.[14] These Plaintiffs have not complied with the court's December 21, 2018 order. Therefore, the court **RECOMMENDS** that these Plaintiffs be **DISMISSED** for failure to prosecute.

The following Plaintiffs have stated in their responses to Defendant's discovery requests that no responsive documents exist: (1) Cristopher Atkinson; (2) Jeremiah Baeser; (3) Dusty Baker; (4) James Black; (5) Jimmy Bowen; (6) Merl Brehm; (7) Justin Emmons; (8) Joshua Farnsworth; (9) Jeffrey King; (10) John Madeja; (11) Tracey Miller; (12) Santiago Pardo; (13) San Juan Rios; and (14) Nickolas Ruiz.[15] The court accepts the representations of these Plaintiffs as true and finds that they have complied with the court's December 21, 2018 order. However, these Plaintiffs may not later supplement their production. The court **RECOMMENDS** that Defendant's motion be **DENIED** with respect to this group of Plaintiffs.

The following Plaintiffs have stated in their responses to Defendant's discovery requests that they would produce responsive documents to the extent that they are available: (1) David Franke; (2) Edward Frisk; (3) James Harris; (4) Joey Jaquez; (5) Thomas Jordan; (6) Lawrence James; (7) Jerry (Keith) Lewallen; (8) Tom

---

[14] See id.

[15] See id.

5

McCoy; (9) Craig Meunier; (10) Matthew Norman; (11) Freddy Rosalez; and (12) Jeremy Scheihing.[16]  The court construes this response to mean that these Plaintiffs do not possess responsive documents. The court finds that these Plaintiffs have complied with the court's December 21, 2018 order.  However, these Plaintiffs may not later supplement their production.  The court **RECOMMENDS** that Defendant's motion be **DENIED** with respect to this group of Plaintiffs.

The following Plaintiffs have stated in their responses to Defendant's discovery requests that they would produce or search for certain documents: (1) Tony Burdette; (2) Jason Cook; (3) Justin Farnsworth; (4) Keith Friedrich; (5) Dustin Pruett; (6) Chris Raska; (7) Joshua Reyna; (8) Ben White; and (9) Teddy Whitt.[17] Thus, these Plaintiffs have responded to Defendant's discovery requests and have complied with the court's December 21, 2018 order.  However, these Plaintiffs have had ample opportunity to search for and produce responsive documents.  Accordingly, these Plaintiffs may not later supplement their production with documents not yet produced.  The court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** with respect to this group of Plaintiffs.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

---

[16]  See id.

[17]  See id.

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of June, 2019.

_____
Nancy K. Johnson
United States Magistrate Judge