# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **Brent Baccus, Brian Keith Baccus, Donnie Heater, and all others similarly situated under 29 U.S.C. § 216(b)**<br><br>Plaintiffs,<br><br>v.<br><br>**QES Wireline, LLC, d/b/a Quintana Energy Services LP, d/b/a Archer Pressure Services, f/k/a Archer Wireline LLC,**<br><br>Defendants. | Civil Action No. 4:16-cv-2396 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM, RECOMMENDATION, AND ORDER

### Introduction and Summary of the Argument

In a careful and thorough 26-page Memorandum, Recommendation, and Order ("MR&O"), Magistrate Judge Nancy K. Johnson analyzed QES' class-wide Motor Carrier Act ("MCA") exemption arguments and determined that they are meritorious and that summary judgment should be granted. Specifically, Judge Johnson concluded that the elements of the exemption are indisputably met and the Plaintiffs fail to create a genuine issue of material fact that the TCA exception applies. Judge Johnson analyzed the evidence proffered by the Plaintiffs and found that none of it showed that any Plaintiff worked on a TCA-eligible vehicle in any workweek on more than a de minimis basis. (Doc. 152 at 21, 22, 23)

Judge Johnson also recommended dismissal for want of prosecution Plaintiff Jeffrey Meador's claims under the New Mexico Minimum Wage Act. (Doc. 152 at 24-25) Judge Johnson

expressly did not make recommendations on QES' other grounds for summary judgment (*see* Doc. 152 at 25 n.66), each of which is meritorious and, depending on the argument, independently warrants summary judgment on some or all of the Plaintiffs' claims.[1]

Plaintiffs now object to Judge Johnson's recommendation to grant summary judgment as to QES' MCA exemption defense.[2]  A review of the record shows that Judge Johnson's conclusion is clearly correct.  The Plaintiffs' limited evidence—which consisted of an incompetent, piecemeal summary of vehicle information prepared by Plaintiff's counsel and two vague declarations from Plaintiffs—did not answer any of the following questions that are critical to the TCA-exception inquiry:

- Which of the workweeks at issue invoke TCA coverage and for which Plaintiffs, given that each Plaintiff-deponent acknowledged being assigned and exclusively driving vehicles with GVWRs of over 10,000 pounds for substantial periods of their employment as Engineers, and Plaintiffs' evidence of alleged use of TCA-eligible vehicles was incompetent and lacked specifics;

- What the Plaintiffs were doing when they claim to have operated TCA-eligible vehicles (aside from declaration statements from two Plaintiffs regarding a few "hot shot" runs, addressed in the fourth bullet point below), and how the "operation" of such vehicles was part of their job duties, as opposed to non-work-related use of the vehicles (which would not qualify for the exception), such as to commute to or from home or making runs between the job sites and hotels during non-working hours;

- Whether any of the trucks the Plaintiffs claim to have driven with GVWRs of 10,000 pounds or less also had a trailer attached which took the weight of the vehicle over 10,000 pounds, or were carrying hazardous materials in a quantity sufficient to require hazmat placarding under DOT regulations—either of which scenario would have removed the vehicle from TCA coverage regardless of its GVWR; and

---

[1]    These other grounds for summary judgment include: (1) all Plaintiffs' claims are barred under 29 U.S.C. § 259; (2) all Plaintiffs' claims are barred by the FLSA's executive employee exemption; (3) all Plaintiffs' claims are barred by the FLSA's administrative employee exemption; (4) many Plaintiffs' claims are barred by the FLSA's highly compensated employee exemption in one or more years; (5) QES did not willfully violate the statute; (6) QES acted in good faith and reasonably such that the Court should decline to award liquidated damages; (7) many Plaintiffs' claims are barred by limitations; and (8) certain persons who filed consent forms were not Engineers during the relevant time period.  (Docs. 110 and 122)

[2]    Plaintiffs do not object to the dismissal of Meador's claim for want of prosecution.

- What were the GVWRs of the "unassigned trucks" in which the Plaintiffs allegedly did "hot shot" runs, and what was the frequency of hot shot runs that establishes that such runs—even if they occurred in a TCA-eligible vehicle—were anything more than de minimis work.

Thus, Plaintiffs did not carry their burden to create a genuine issue of material fact as to the applicability of the TCA exception, and summary judgment is warranted.

QES respectfully requests that in the unlikely event the Court does not grant summary judgment as to the MCA exemption, that it grant summary judgment on each of the other grounds raised in QES' Motion[3] or remand QES' Motion to Judge Johnson to make recommendations as to those grounds, which have been fully briefed by the parties in Docket Numbers 110, 122, 128, 130, 134, and 135.

<u>Argument</u>

## I.     Judge Johnson's Interpretation of the Factual Record is Correct.

Although several of Judge Johnson's factual findings are not integral to her ruling on the MCA exemption, all of the findings are correct.  Below QES addresses each of the Plaintiffs' specific objections to the findings.

---

[3]     This Court is empowered to grant summary judgment as to any of the other grounds presented in QES' Motion which were not specifically ruled upon by Judge Johnson.  *See* 28 U.S.C. § 636(b)(1)(C) (the district court retains the power to rule on motions for summary judgment and a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"); *Cunningham v. Ins. Co. of N. Am.*, 2006 WL 2568464, at *1 (E.D.N.Y. Aug. 31, 2006) ("[T]he Court grants [defendant's] motion for summary judgment but on somewhat different grounds than stated in the [Magistrate's] Report."); *cf. Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (appellate court applying *de novo* standard may "affirm on any ground supported by the record, including one not reached by the district court"); *McCoy v. Mississippi State Tax Comm'n*, 2011 WL 8609554, at *2 (S.D. Miss. Feb. 8, 2011) (district court reviewing bankruptcy court's conclusions of law using *de novo* standard may affirm "on any ground supported in the record and need not agree with every conclusion reached by the bankruptcy court").

**A.**     **Objection 1(a) to any reliance on paragraphs 6-11 of the Castetter Declaration regarding certain job responsibilities of Wireline Engineers**. **(Doc. 153 at 2-3, para. (A)(1)(a))**

Plaintiffs' objections to paragraphs 6 to 11 of the Castetter Declaration are meritless, as those paragraphs merely set forth basic facts regarding duties and responsibilities of the Wireline Engineer position based on Mr. Castetter's extensive personal knowledge as President of QES and as a veteran of the wireline industry.  As Judge Johnson found, Mr. Castetter's observations were detailed and were based on his personal knowledge.  (Doc. 152 at 8-9)   Moreover, as Judge Johnson recognized, Plaintiffs had an opportunity to contest Mr. Castetter's statements with opposing evidence, and they deposed Mr. Castetter at length well after his Declaration was filed— yet did not cite any of his deposition testimony in their Response to QES' Motion.  (Doc. 152 at 9; *see also* Doc. 135-2, Castetter Depo. Transcript)   Mr. Castetter's statements are wholly consistent with the type of the evidence that employers in FLSA cases routinely provide regarding the job duties of the employees at issue, and are proper summary judgment evidence.  (Separately, we note that this evidence appeared to play no role in Judge Johnson's analysis of the MCA exemption argument.)

**B.**     **Objections 1(b) and 2 to paragraph 15 of the Castetter Declaration regarding the GVWRs of certain of the vehicles driven by Plaintiffs**. **(Doc. 153 at 3, paras. (A)(1)(b), (2))**   Paragraph 15 contains information supporting QES' argument that the Plaintiff-deponents drove vehicles with GVWRs in excess of 10,000 pounds, based on the vehicle assignment records and fuel card records produced to Plaintiffs in discovery.  (Doc. 110-3 ¶ 15)  In their Objections, Plaintiffs do not dispute any of the GVWR information included in paragraph 15.  Instead, they appear to make the point simply that paragraph 15 is not a complete listing of all vehicles ever driven by all of the Plaintiffs.  (Doc. 153 at 3, para. (A)(1)(b)).  But this is not in dispute, and Judge

Johnson recognized it.  (Doc. 152 at 9)  Judge Johnson did not misconstrue the evidence in paragraph 15, and she was correct that it constitutes competent summary judgment evidence.

C.     **Objection 3 to Judge Johnson's finding that Operators perform the majority of required manual labor**.  **(Doc. 153 at 3, para. (A)(3))**     Testimony from Mr. Castetter and Plaintiffs themselves clearly establishes that hourly Operators, not the salaried Engineers, perform the majority of required manual labor.  (Doc. 110-3 ¶¶ 5, 9; Doc. 110-6, Deposition of Brian Keith Baccus, at 49:12-16; Doc. 110-5, Deposition of Brent Baccus, at 64:1-18; Doc. 110-9, Deposition of William Cook, at 52:7-22)  Moreover, in their summary judgment briefing, Plaintiffs did not point to any contrary evidence with any specificity.   Judge Johnson's interpretation of the record was correct.  (Again, this evidence appeared to play no role in Judge Johnson's analysis of the MCA exemption argument.)

D.     **Objection 4 to Judge Johnson's finding that Engineers perform their "primary duties" in the logging cab attached to the Wireline truck.  (Doc. 153 at 3, para. (A)(4))** Testimony from Mr. Castetter and the Plaintiffs clearly establishes this finding.  (Doc. 110-3 ¶ 5; Doc. 110-6, Baccus Depo., at 45:8-46:4; Doc. 110-9, Cook Depo., at 52:10-53:18)  Moreover, in their summary judgment briefing, Plaintiffs did not point to any contrary evidence with any specificity.   Judge Johnson's interpretation of the record was correct. (Again, this evidence appeared to play no role in Judge Johnson's analysis of the MCA exemption argument.)

E.     **Objections 5 and 6 to Judge Johnson's findings as to certain other responsibilities of Engineers.  (Doc. 153 at 4, paras. (A)(5), (6))**     Mr. Castetter's Declaration clearly supports Judge Johnson's findings on pages 2 and 3 of the R&R as to the broad responsibilities held by Engineers.  (Doc. 110-3 ¶¶ 7, 11)  In their Objections, Plaintiffs state in conclusory fashion that they submitted evidence "to the contrary," and that a "fact question

exists"—without explaining what the evidence shows, how it conflicts with Mr. Castetter's statements, or what "fact question" it supposedly creates.  (Doc. 153 at 4 ¶ 5, generally citing "ECF. #129-3 para. 11" and "ECF 128 pg. 13 ECF. #129-6.")  In fact, there is no material dispute regarding the Engineers' broad responsibilities.  (Again, this evidence appeared to play no role in Judge Johnson's analysis of the MCA exemption argument.)

**F.   Objection 7 to Judge Johnson's finding that "Engineers drive DOT-regulated trucks."   (Doc. 153 at 4-5, para. (A)(7))**   To be sure, Plaintiffs have never disputed that they drove DOT-regulated trucks, or that the elements of the MCA exemption are met as to all of them. The dispute is whether the TCA exception carves out certain unidentified workweeks from the MCA exemption.  (*See* Doc. 128 at 8, relying exclusively on the TCA exception to argue against summary judgment as to the MCA exemption.)

Plaintiffs' Objections assert that Judge Johnson somehow found that "<u>all</u> trucks driven by Plaintiffs were DOT-regulated."  (Doc. 153 at 4) (emphasis in original)  But Judge Johnson made no such finding.  She simply concluded that to the extent the Plaintiffs drove TCA-eligible vehicles, there is no proof as to when that occurred or what occurred, or that such use was more than de minimis, making it impossible for a reasonable jury to conclude that the TCA exception applies to any Plaintiff.   (Doc. 152 at 20-24)  Judge Johnson's analysis clearly did not rest on the assumption that the Plaintiffs exclusively drove DOT-regulated trucks.

Plaintiffs further object, again without specificity, that unidentified deposition transcripts are "replete with such information as well as discussion of the hazmat and trailer issues."  (Doc. 153 at 4-5)  But nothing in any deposition transcripts—and certainly nothing that Plaintiffs specifically directed Judge Johnson to—shows that any Plaintiff performed more than de minimis

work on TCA-eligible vehicles in certain workweeks, as would be required to create a genuine issue of material fact.  (See discussion infra at 8-12)

Plaintiffs similarly cite an Interrogatory response from one of the Plaintiffs generally referencing the vehicles he says he drove. (Doc. 153 at 5, referencing "Exhibit H" and "ECF #129-8, p. 19")  Again, Plaintiffs did not direct Judge Johnson to such evidence in their summary judgment briefing or explain its purported significance.  But even if they had, it would not have changed the result, because the Interrogatory response merely references certain vehicles without GVWRs (e.g., "Ford F250," "Ford F350"), does not identify what the vehicles were used for, and does not identify workweeks in which more than de minimis work was performed on TCA-eligible vehicles.

In sum, Judge Johnson correctly found that the Plaintiffs in fact drove DOT-regulated vehicles and that the record contains no evidence that any Plaintiff performed more than de minimis work on TCA-eligible vehicles.

## II.     Judge Johnson's Legal Conclusions and Applications of Facts to Law Are Correct.

A.     **Plaintiffs' Objection 1 to Judge Johnson's refusal to credit vague references to the record.  (Doc. 153 at 5, para. (B)(1))**     Judge Johnson's MR&O correctly states the standard under Rule 56 as to what constitutes competent summary judgment evidence.  In assessing the Plaintiffs' Response to QES' Motion, Judge Johnson had no obligation to locate evidence, to credit evidence that was not specifically cited, or to speculate how such evidence may support the Plaintiffs' arguments.  Rule 56 makes clear that when citing evidence that it believes create a genuine issue of fact, the non-moving party must "cit[e] to *particular parts of materials* in the record . . . ."  Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).  Further, Judge Johnson had no obligation to sift through evidence in an attempt to discern facts or identify material fact issues.

*See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) ("The court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.")

Thus, Plaintiffs are incorrect when they claim that referring Judge Johnson to "a group of documents" was sufficient, or that she should have convened a hearing "to go through the information." (Doc. 153 at 5) Judge Johnson had no such obligation under Rule 56 (nor does this Court), and Plaintiffs provide no contrary authority in support.

Rule 56(e), in turn, specifies that failure to comply with Rule 56(c)'s particularity requirement means that the Court may consider the moving party's facts to be undisputed and grant summary judgment if the undisputed facts show that the moving party is entitled to it. *See* Fed. R. Civ. P. 56(e)(2)-(3). As it turns out, the only instances in which Judge Johnson did not credit Plaintiffs' record references were with respect to (a) Plaintiffs' unsupported and vague claim that "Defendant's documents and Plaintiffs' deposition and interrogatory testimony" established that the Plaintiffs' work on TCA-eligible vehicles was more than de minimis, *see* Doc. 152 at 12 (citing Doc. 128 at 11), and (b) Exhibit BB to Plaintiffs' Response to QES' Motion, which Plaintiffs called a "Month End Pickup Recap List." (Doc. 152 at 20) As explained further below, neither of these record references was competent and Judge Johnson was correct to disregard them.

**B**.     **Objections 2, 3, and 8 to Judge Johnson's conclusions that no evidence showed the frequency of driving TCA-eligible vehicles, the frequency of trailer use or hazardous material placarding, or that any such driving was more than de minimis. (Doc. 153 at 6, 8-11, paras. (B)(2), (3), (8))**     In her MR&O, Judge Johnson carefully reviewed the evidence that Plaintiffs claimed showed TCA-eligible vehicle use, and she explained why each piece of evidence

failed to create any genuine issue of material fact.  For the reasons set forth below, Judge Johnson's interpretation of the evidence was correct.

(1)   **Beck Declaration**.  The first piece of evidence was a Declaration submitted by one of Plaintiffs' counsel, Elizabeth Beck, and accompanying exhibits.  (Doc. 129-1)  The Beck Declaration establishes nothing more than that QES' vehicle assignment records—which are not attached or referenced with any specificity in the Declaration—show that various vehicles with GVWRs above 10,000 pounds and some with GVWRs of 10,000 pounds or less were assigned to a limited group of Plaintiffs for a limited time period several years ago, which Plaintiffs claimed in their Response ran from September 2013 through May 2015.  (Doc. 128 at 11 n.5)

These "facts" fall far short of creating a genuine issue of material fact.  First, the vehicle assignment records do not constitute all or sufficient proof of the vehicles that were actually used by Engineers (in fact Attachment 1 to the Beck Declaration does not list *any* assigned vehicles for certain Plaintiffs), including for what time periods *or* for what uses.  Further, as Judge Johnson correctly observed, the evidence is deficient because (a) it contains no data for many Plaintiffs; (b) the limited data shows that many Plaintiffs were assigned vehicles with GVWRs of over 10,000 pounds, which are not TCA-qualifying; and (c) the limited data does not answer several questions that are critical to the potential application of the TCA exception for any given Plaintiff, including (i) what work, if any, was performed on any TCA-qualifying vehicle; (ii) when such work was performed; and (iii) whether the vehicles with GVWRs or 10,000 pounds or less had trailers attached or were used in transporting hazardous materials, which likely would have taken the vehicles out of TCA coverage.  (Doc. 152 at 21)

In sum, the Declaration has no probative value and could not possibly allow a reasonable juror to determine that any Plaintiff performed qualifying work on a TCA-eligible vehicle on more than a de minimis basis in any given workweek.

(2)    **The "Month End Pickup Recap lists."**   Plaintiffs' second piece of evidence was a 271-page Excel spreadsheet that supposedly reflects month-end vehicle assignments shown in other unattached records (Doc. 129-29), but there is no supporting proof that would prove up the list and make the exhibit admissible.   Moreover, as Judge Johnson correctly observed, Plaintiffs did not cite the list with specificity and she had no obligation to scour it for a fact issue.  (Doc. 152 at 20)   In their Objections, Plaintiffs do not explain how or why the list contained competent evidence creating a genuine issue of material fact.   It does not.

(3)    **Brent Baccus and Brian Keith Baccus Declarations**.   Although Plaintiffs' Objections do not discuss either Declaration, Judge Johnson correctly observed that the Declarations do not create a genuine issue of material fact because they do not specify when either declarant drove any TCA-eligible vehicles, and with respect to their claims that they did "hot shot" runs, the Declarations do not identify the vehicles used to do such runs; why a "hot shot" run is more than de minimis; and whether "hot shot" runs involved trailers or hazardous materials, both of which scenarios likely would have taken vehicles with GVWRs of 10,000 pounds or less outside of TCA eligibility.   (Doc. 152 at 22)[4]   Moreover, neither declarant supplied any proof as to the GVWR of any of the vehicles he claimed to have driven.   (*Id.*)

---

[4]     In fact, the other record evidence shows that such runs were *de minimis* at best, sometimes involved trailers and hazardous materials, and likely often (or always) were in DOT-regulated vehicles—each of which fails to create a genuine issue of material fact with respect to "hot shot" runs.  (Doc. 110-5, Deposition of Brent Baccus at 51:19-53:24, claiming to have done hot shot runs "two or three times a month maybe" in his "assigned pickup," and sometimes towing a trailer and sometimes carrying explosives; *see also id.* at 47:23-50:25, acknowledging that he was assigned and exclusively drove vehicles with GVWRs of over 10,000 pounds for substantial periods; Doc. 110-6, Deposition of Brian Keith Baccus at 40:10-15, 41:4-6, claiming to have done hot shot runs "[m]aybe twice a year" in his "assigned vehicle"); *see also id.* at 29:13-

**C.**     **Objections 4 to 7 to Judge Johnson's conclusion that the Plaintiffs failed to identify any workweeks in which they performed more than de minimis work on TCA-eligible vehicles.  (Doc. 153 at 6-8, paras. (B)(4), (7))**   Judge Johnson correctly interpreted the law to place the burden on the Plaintiffs to show that they performed more than de minimis work on a TCA-eligible vehicle in a workweek.  (Doc. 152 at 18-19)  (citing *Rychorcewicz v. Welltec, Inc.*, 768 Fed. Appx. 252, 256-57 (5th Cir. Apr. 18, 2019) (it was plaintiffs' burden to demonstrate more than de minimis use of TCA-eligible vehicles; only "occasionally" driving such vehicles is itself de minimis, and is insufficient to avoid summary judgment)).  Because Plaintiffs failed to identify any such weeks, summary judgment was appropriate.

Plaintiffs respond by acknowledging that their use of TCA-eligible vehicles must be more than de minimis—which alone is fatal to their claims, because no competent evidence of more than de minimis use is in the record—but nonetheless argue that unless their "own" evidence shows they drove DOT-regulated trucks "100% of the time," they have created a genuine issue of material fact sufficient to avoid summary judgment.  (Doc. 153 at 7)  That is simply not the standard.  The Fifth Circuit's opinion in *Rychorcewicz*, this Court's opinion in *Spangler v. Mourik, L.P.*, 2017 WL 3412177, at \*17 (S.D. Tex. Mar. 8, 2017) (Lake, J.) (under previous case law holding that it was employer's burden to prove the TCA exception, the employer was to show that the employee exclusively drove large trucks "during a relevant workweek"), and the DOL's Field Assistance Bulletin 2010-2 all emphasize that qualifying work on TCA-eligible vehicles would entitle an employee only to overtime in the workweek(s) in which such work occurred; in all other workweeks, the employee would not be entitled to overtime.  Here, as outlined above, none of the

---

22, acknowledging being assigned and exclusively driving vehicles with GVWRs of over 10,000 pounds for substantial periods).

Plaintiffs' vague and conclusory evidence shows more than de minimis work on TCA-eligible vehicles in any given workweek.

## III.     Summary Judgment is Warranted for Each of the Other Reasons Set Forth in QES' Motion.

QES refers the Court to Docket Numbers 110, 122, 128, 130, 134, and 135 for the briefing on the other summary judgment arguments raised by QES, each of which is meritorious and would warrant summary judgment in the unlikely event that the Court does not grant summary judgment as to the MCA exemption defense.

## <u>CONCLUSION</u>

QES respectfully requests that the Court overrule Plaintiffs' Objections and grant summary judgment to QES.

Respectfully submitted,

*/s/ Michael J. Muskat*
Michael J. Muskat
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
Email: MMuskat@m2dlaw.com
Daniel N. Lenhoff
State Bar No. 24078846
S.D. Tex. Bar No. 2590972
R. John Grubb II
State Bar No. 24101834
S.D. Tex. Bar No. 3070409
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone:  (713) 987-7850
Facsimile:  (713) 987-7854

**ATTORNEYS FOR DEFENDANT QES WIRELINE LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 25, 2019, a true and correct copy of the foregoing document has been served on Plaintiffs' counsel of record via the Electronic Case Filing system.

/s/ Michael J. Muskat
Attorney for Defendant